UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------

| | : | |
|---|---|---|
| MICHAEL MCCAIN, | : | CASE NO. 1:10-CV-358 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | ORDER & OPINION |
| | : | [Resolving Doc. No. 28] |
| | : | |
| CAPT. ELMER HALE, *et. al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this prisoner civil rights case brought under 42 U.S.C. § 1983, the Defendants, all of whom are corrections officers at the Mansfield Correctional Institution, have moved for summary judgment. They argue that the Plaintiff failed to exhaust all available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). [Doc. 28.] For the following reasons, the Court **GRANTS** the Defendants' motion.

**I. Background**

Plaintiff Michael McCain, an Ohio inmate, brings this Section 1983 action alleging that the Defendants failed to protect him from a prison beating suffered at the hands of another inmate, arguably in violation of the Eighth Amendment's prohibition on cruel and unusual punishment. [Doc. 17.] In short, Plaintiff claims that the Defendants turned a deaf ear to his earlier pleas for

Case No. 1:10-CV-358
Gwin, J.

protection from certain inmates and a blind eye while the beating happened. [Doc 1-2 at 6.]

After the attack, which took place on September 5, 2008, Plaintiff began the prison's three step grievance procedure. Ohio Admin. Code § 5120-9-31(K). The first step of the process involves the filing of an informal complaint, *id.* at (K)(1), which Plaintiff did on September 19, 2008. In response, on September 24, 2008, prison officials arranged for Plaintiff to be moved to a different cell block. [Doc. 28-1 at 7.] This move was insufficient, Plaintiff says, because other inmates were aware of his complaint to prison officials, had labeled him a "snitch," and were plotting to attack him again. [Doc 1-2 at 7.] In addition, Plaintiff continues, the prison guard Defendants who permitted the attack had not been reprimanded. [Doc 1-2 at 5-7.]

Despite these concerns, Plaintiff waited until April 21, 2009 to file a formal grievance against the Defendants—more than seven months after the prison's initial response. [Doc. 28-1 at 13.] Thus, because inmates dissatisfied with the informal complaint response must file a grievance within fourteen days, Ohio Admin. Code § 5120-9-31(K)(2) (step two of the prison's grievance procedure), the prison's inspector of institutional services denied Plaintiff's April 2009 grievance "as untimely." [Doc. 28-1 at 13.] Thereafter, Plaintiff appealed to the prison's Chief Inspector. [Doc. 28-1 at 12.] Finding that the first inspector had appropriately denied McCain's complaint as untimely, the Chief Inspector affirmed the dismissal. [Doc. 28-1 at 11.]

The PLRA requires that a prisoner exhaust administrative remedies before filing suit in the district court, 42 U.S.C. § 1997e(a), and a careful review of the attached documentation suggests that Plaintiff has not. Recognizing this barrier, Plaintiff says the Court should deny the Defendants' motion for summary judgment, which is based entirely on Plaintiff's failure to exhaust administrative remedies, because: (1) the PLRA does not apply to this case; (2) the Defendants are precluded from

-2-

Case No. 1:10-CV-358
Gwin, J.

asserting that Plaintiff's grievance was untimely; and (3) prison officials frustrated his attempt to comply with the PLRA. [Doc. 29 at 4-5.]

## II. Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Daugherty v. Sajar Plastics, Inc.*, 544 F.3d 696, 702 (6th Cir. 2008). In deciding a motion for summary judgment, the Court views the factual evidence and draws all reasonable inferences in favor of the non-moving party. *Thomas v. Cohen,* 453 F.3d 657, 660 (6th Cir. 2004) (citations omitted).

## III. Analysis

Plaintiff first argues that the PLRA, which applies to all actions "with respect to *prison conditions*," 42 U.S.C. § 1997e(a) (emphasis added), is inapplicable to his Eighth Amendment claim that the Defendants "were willfully indifferent when he told them that he was going to be attacked by fellow inmates." [Doc. 17.] Yet this narrow interpretation is at odds with the Supreme Court's instruction to read "prison conditions" broadly: "The PLRA's exhaustion requirement applies to all inmate suits about *prison life*, whether they involve general circumstances or particular episodes, and whether they allege excessive force *or some other wrong*." 534 U.S. 516, 532 (2002) (emphasis added).

In line with this precedent, every court in this Circuit to address an inmate failure-to-protect claim has first considered the PLRA's exhaustion requirement. *See, e.g., Thomas v. Woolum*, 337 F.3d 720, 773 (6th Cir. 2003), abrogated on other grounds by *Woodford v. Ngo*, 548 U.S. 81, 126 (2006); *Polk v. Tennessee*, 2010 WL 2164610, at *1 (M.D. Tenn. May 28, 2010); *Green v. Bauer*,

Case No. 1:10-CV-358
Gwin, J.

2010 WL 1610333, at *4 (S.D. Ohio Mar. 24, 2010); Bauer v. Dunn, 2005 WL 2077339, at *1 (W.D.Ky. Aug. 29, 2005). Plaintiff does not now persuade the Court to depart from such uniform precedent. Accordingly, Plaintiff's suit is subject to the PLRA.

Plaintiff's argument that the Defendants waived their right to challenge exhaustion fares no better. Yes, the Sixth Circuit recently held that when prison officials "opt to consider otherwise-defaulted claims on the merits, so as a general rule will we." See Reed-Bey v. Pramstaller, 603 F.3d 322, 325 (6th Cir. 2010). Yet this case is distinguishable from *Reed-Bey* because there—unlike here—prison officials overlooked the inmates procedural failing and chose to address the inmates grievance on the merits. *See id*. Here, by contrast, neither the inspector of institutional services (step two of the prison's three step process) nor the Chief Inspector (step three) considered the merits of Plaintiff's claim. Upon receipt of Plaintiff's untimely grievance, the inspector of institutional services responded:

> Your grievance, filed on 4/21/2009, has been reviewed and disposed of as follows: [Y]ou state you were assaulted 9/5/08 by inmates Copeland and Perdue. You state you had told [Defendants] prior to the assault that Copeland was threatening you.
>
> . . .
>
> You filed an [informal complaint] . . . about this incident dated 9/19/08 and [we] responded to you 9/23/08. [A]ll inmate grievances must be filed by the inmate no later than fourteen calendar days from the date of the informal complaint response. This incident occurred 9/5/08 you should have filed your grievance within 14 days of 9/23/08. . . . Your grievance is denied as untimely.

[Doc. 28-1 at 13.] Likewise, the Chief Inspector found that the inspector had "appropriately responded to [McCain's] complaint" and affirmed. [Doc. 28-1 at 11.] Thus, because the prison officials here did not consider McCain's claim on the merits, *Reed-Bey* does not apply and this Court is unable to review the merits of Plaintiff's defaulted claim.

-4-

Case No. 1:10-CV-358
Gwin, J.

Finally, and perhaps most importantly, the Court concludes that Plaintiff has failed to produce sufficient evidence that prison officials prevented him from complying with the grievance process. First, McCain claims that he "was not provided [a description of the inmate grievance procedure] at the time he received orientation at [the] Mansfield [Correctional Institution]." [Doc. 29 at 4.] This is false. McCain signed an "Intra-System Transfer Orientation Checklist" in 2007 where he acknowledged he received a "Verbal Explanation of the Grievance System." [Doc. 30 at 2.] Second, McCain claims that prison officials "did not have available the forms required for inmates to pursue their grievances." [Doc. 29 at 3.] Yet this contention does not explain how, in addition to filing the underlying grievance in this matter, McCain was able to file two additional grievances—on the prison's grievance forms—in November 2008 and March 2009. [Doc. 28-3 at 1, 3.] And third, McCain says he relied to his detriment on a prison official's "legal advice" that his claim against the Defendants was not grievable. [Doc. 29 at 3.] This argument fails because that official's advice was made in reference to Plaintiff's qualms with an Ohio State Trooper and the Marion County Prosecutor's office, not the Defendants: "The decision to file charges is not made by the institution[;] the State Patrol, in conjunction with the Prosecutor, makes that decision. Contacting OSHP Trpr. Smith is your option as this is not a grievable issue." [Doc. 29-2 at 1.]

Recall, under the Prison Litigation Reform Act, prisoners must properly exhaust "such administrative remedies as are available" prior to filing a Section 1983 action. 42 U.S.C. § 1997e(a). Thus, because there exists no genuine issue for trial on the question of whether Plaintiff failed to exhaust his administrative remedies under the PLRA, the Court grants summary judgment to the Defendants.

### III. Conclusion

Case No. 1:10-CV-358
Gwin, J.

For the above reasons, the Court **GRANTS** the Defendants' motion for summary judgment.

IT IS SO ORDERED.


Dated: December 20, 2010                    s/         *James S. Gwin*
                                            JAMES S. GWIN
                                            UNITED STATES DISTRICT JUDGE